UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY JOSEPH THOMAS, | No. 2:18-cv-0906 AC P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. He has also filed a motion for appointment of counsel.

I. Application to Proceed In Forma Pauperis

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. ECF Nos. 2, 11. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

II. Petition

On March 22, 2018,[1] petitioner filed his original petition. ECF No. 1. The petition was

---

[1] Although petitioner would normally be entitled to the benefit of the prison mailbox rule, Houston v. Lack, 487 U.S. 266, 276 (1988), because his petition is dated April 1, 2018, after the date it was received by the Clerk of the Court, the court is unable to determine when petitioner handed the petition over for mailing.

accompanied by documentation showing that petitioner had an application for permission to file a second or successive habeas petition pending in the Ninth Circuit. ECF No. 3. The application in the Ninth Circuit related to the same conviction being challenged by the petition in this court. Id. at 4. The Ninth Circuit recently denied petitioner's application, Thomas v. Paramo, No. 18-70675, ECF No. 2 (9th Cir. Sept. 18, 2018), and petitioner has now filed an amended petition (ECF No. 16). Both the original and amended petition challenge petitioner's March 2000 conviction in Sacramento County Superior Court Case No. 98F00484 directly and on the ground that he is entitled to resentencing under Proposition 57. ECF Nos. 1, 16.

III. Discussion

Rule 4 of the Habeas Rules Governing Section 2254 Cases requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." As set forth below, the petition fails to state a cognizable claim for relief and will be dismissed.

Under 28 U.S.C. § 2244(b)(3)(A), a second or successive application for habeas relief may not be filed in district court without prior authorization by the court of appeals. Felker v. Turpin, 518 U.S. 651, 657 (1996). Prior authorization is a jurisdictional requisite. Burton v. Stewart, 549 U.S. 147, 152-53 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (once district court has recognized a petition as second or successive pursuant to § 2244(b), it lacks jurisdiction to consider the merits). A petition is successive within the meaning of 28 U.S.C. § 2244(b) where it "seeks to add a new ground for relief" or "if it attacks the federal court's previous resolution of a claim *on the merits*." Gonzalez v. Crosby, 545 U.S. 524, 532 (2005) (emphasis in original). "[A] 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction." Id. at 530. "Even if a petitioner can demonstrate that he qualifies for one of [the] exceptions [to filing a second or successive petition], he must seek authorization from the court of appeals before filing his new petition with the district court." Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008) (citing 28 U.S.C. § 2244(b)(3)).

////

Petitioner has submitted documentation showing that he sought leave of the Ninth Circuit to file a second or successive petition challenging his 2000 conviction (ECF No. 3), thereby indicating that he has previously challenged this conviction. A review of this court's records confirms that petitioner previously filed an application for a writ of habeas corpus attacking the conviction and sentence challenged in this case. The previous application was filed by the Clerk of the Court on March 19, 2004, and was denied on the merits on February 20, 2008. Thomas v. Scribner, No. 2:04-cv-0733 MCE DAD (E.D. Cal.), ECF Nos. 1, 79, 90. This court takes judicial notice of the record in that proceeding. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases.").

Before petitioner can proceed on his claims, he must submit a request to the United States Court of Appeals for the Ninth Circuit to issue an order authorizing the district court to consider the application and that request must be granted. 28 U.S.C. § 2244(b)(3). Although petitioner provides evidence that he requested the necessary authorization, the Ninth Circuit's records show that the request was denied. Thomas v. Paramo, No. 18-70675, ECF No. 2 (9th Cir. Sept. 18, 2018). Therefore, to the extent petitioner is attempting to directly challenge his 2000 conviction, the undersigned will recommend that this action be dismissed as unauthorized by the Ninth Circuit.

With respect to petitioner's claim that he is entitled to resentencing under California's recently passed Proposition 57, he is mistaken as to the scope of Proposition 57. Proposition 57 created an amendment to the California Constitution that created an additional avenue for parole consideration and altered the process for charging minors in criminal court. 2016 Cal. Legis. Serv. Prop. 57 (West); Cal. Const. art. I, § 32; Cal. Welf. & Inst. Code §§ 604, 707. It appears that petitioner is attempting to claim that he is entitled to parole consideration under Proposition 57. However, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (habeas relief "is unavailable for alleged error in the interpretation or application of state law"). This includes the interpretation or application of state sentencing laws. Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989)

(declining to address "[w]hether assault with a deadly weapon qualifies as a 'serious felony' under California's sentence enhancement provisions [because it] is a question of state sentencing law"). Accordingly, whether petitioner is eligible for parole consideration under Proposition 57 is a state law issue that is not cognizable in federal habeas and the claim must therefore be dismissed.

### IV. Motion for Counsel

Petitioner has requested the appointment of counsel. ECF No. 14. There currently exists no absolute right to appointment of counsel in habeas proceedings. Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A(a)(2) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." In light of the recommendation that the petition be dismissed, the court does not find that the interests of justice would be served by the appointment of counsel and the request will be denied.

### V. Certificate of Appealability

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case. Therefore, no certificate of appealability should issue.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 2), is granted.

2. Petitioner's motion for appointment of counsel (ECF No. 14) is denied.

3. The Clerk of the Court randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that:

1. The petitioner's application for writ of habeas corpus be dismissed without prejudice.

2. This court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge

| | |
|---|---|
| 1 | assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days |
| 2 | after being served with these findings and recommendations, petitioner may file written |
| 3 | objections with the court. The document should be captioned "Objections to Magistrate Judge's |
| 4 | Findings and Recommendations." Petitioner is advised that failure to file objections within the |
| 5 | specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 |
| 6 | F.2d 1153 (9th Cir. 1991). |
| 7 | DATED: October 31, 2018 |
| 8 | ALLISON CLAIRE |
| 9 | UNITED STATES MAGISTRATE JUDGE |